**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-184-G |
| | ) |
| EDSEL'S CLUB, LLC d/b/a EDSEL's | ) |
| CLUB et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Now before the Court is Plaintiff Joe Hand Promotions, Inc.'s Motion for Default

Judgment (Doc. No. 10), in which Plaintiff seeks entry of a default judgment against

Defendants Edsel's Club, LLC d/b/a Edsel's Club ("Edsel's") and Karla Jennings pursuant

to Rule 55(b)(2) of the Federal Rules of Civil Procedure. No response to the Motion has

been filed within the time allowed. For the reasons stated below, the Court finds that a

default judgment should be entered.

### I.    Background

Plaintiff initiated this action on February 11, 2025, seeking damages from

Defendants for violation of 47 U.S.C. § 605. *See* Compl. (Doc. No. 1).[1] Each Defendant

was served with a summons and the Complaint on or about April 17, 2025. *See* Doc. No.

7. On October 10, 2025, after Plaintiff showed that Defendants had failed to answer or

---

[1] The Complaint alternatively alleges cable piracy in violation of 47 U.S.C. § 553. *See* Compl. ¶¶ 1, 21-23. Plaintiff's Motion only seeks damages pursuant to 47 U.S.C. § 605, however. *See* Pl.'s Mem. (Doc. No. 10-1) at 5.

otherwise defend themselves in this lawsuit, the Clerk entered Defendants' default pursuant to Federal Rule of Civil Procedure 55(a). *See* Clerk's Entry of Default (Doc. No. 9).

Plaintiff now seeks entry of a default judgment in the amount of $30,000.00. *See* Pl.'s Mot. Default J. at 1-2; Pl.'s Mem. at 5-15; Pl.'s Mot. Default J. Ex. 6, Janis Aff. ¶ 14 (Doc. No. 10-6).

## II. *Relevant Standards*

The entry of a default judgment "is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). "Default judgments are generally disfavored in light of the policy that cases should be tried upon their merits whenever reasonably possible. Nonetheless, default judgment is viewed as a reasonable remedy when the adversary process has been halted because of an essentially unresponsive party." *Tabb v. Mentor Prot. Serv. LLC*, No. CIV-17-1130-D, 2018 WL 3213622, at *1 (W.D. Okla. June 29, 2018) (citing *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991)).

Because a default has been entered, Plaintiff is "relieved . . . from having to prove the complaint's factual allegations." *Tripodi*, 810 F.3d at 765; *see also United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (internal quotation marks omitted)). Even after default, however, "it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law." *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) (internal quotation marks omitted).

### III. Discussion

#### A. Procedural Requirements

The record reflects that Defendants have failed to answer or plead, that default was entered by the Clerk, and that Plaintiff's Motion complies with Local Civil Rule 55.1. Accordingly, Plaintiff has satisfied the procedural requirements for entry of a default judgment. *See* Fed. R. Civ. P. 55(b); LCvR 55.1; *Tabb v. Mentor Prot. Serv. LLC*, No. CIV-17-1130-D, 2018 WL 3213622, at *1 (W.D. Okla. June 29, 2018); Doc. No. 12.

#### B. Plaintiff's Allegations

The Complaint alleges that Plaintiff is a Pennsylvania corporation that "specializes in distributing and licensing premier sporting events to commercial, non-residential establishments including bars, restaurants, clubhouses, shops, and similar locations." Compl. ¶¶ 3, 6. Defendant Edsel's is an Oklahoma limited liability company conducting business in Oklahoma City, Oklahoma (the "Establishment"), and Defendant Jennings was an owner, member, manager, officer, director, shareholder and/or principal of the entity owning and operating the Establishment. *Id.* ¶¶ 4-5.

Plaintiff "held the exclusive commercial license to distribute and authorize the public display of the Ultimate Fighting Championship® ("UFC") pay-per-view broadcasts, including all undercard bouts and commentary," for *UFC 284: Makhachev vs. Volkanovski* (telecast nationwide on February 11, 2023) and *UFC 287: Pereira vs. Adesanya 2* (telecast nationwide on April 8, 2023) (together, the "Programs"). *Id.* ¶ 3. The Programs were legally available to Defendants for exhibition in the Establishment only after paying a commercial sublicense fee for each of the Programs to Plaintiff, which fee was determined

by the capacity of the Establishment. *Id.* ¶ 9. Defendants, however, chose not to contract with Plaintiff and pay the proper commercial sublicense fees to Plaintiff. *Id.* Instead, Defendants, themselves and/or through their agents, servants, and/or employees, took affirmative steps to circumvent the commercial sublicensing requirement and unlawfully obtained each of the Programs via a satellite signal, whether by misuse of television services, internet, or other devices. *Id.*; *see also* Pl.'s Mot. Default J. Ex. 2, Hand Aff. ¶¶ 10-15 (Doc. No. 10-2); Pl.'s Mot. Ex. 5 (Doc. No. 10-5).

The broadcasts of the Programs at the Establishment on February 11, 2023, and April 8, 2023, were not for private viewing and were not for residential, non-commercial purposes. Compl. ¶ 13. The broadcasts of the Programs at the Establishment were advertised on social media. *Id.*; *see* Pl.'s Mot Default J. Ex. 7 (Doc. No. 10-7). The Establishment sold food and/or drinks on the dates and during the broadcasts of the Programs. Compl. ¶ 13. The public display of the Programs at the Establishment were to entice patrons to the Establishment to spend money while viewing the Programs. *Id.*

Defendants did not have license, authorization, permission, or consent from Plaintiff to exhibit either of the Programs in the Establishment. *Id.* ¶ 15. Defendants knew, or should have known, the interception and/or receipt and exhibition of the Programs at their Establishment was not properly authorized. *Id.* ¶ 12. Defendants exhibited the Programs for the commercial purposes of attracting paying customers, patrons, and guests, thereby wrongfully benefiting financially by infringing upon Plaintiff's rights. *Id.* ¶ 14.

By virtue of Defendant Jennings' position as it relates to the Establishment, Defendant Jennings had the right and ability to supervise and an obvious and direct financial interest in the activities of the Establishment at all relevant times. *Id.* ¶ 16.

### C.  Plaintiff's Motion for Default Judgment

Plaintiff alleges, and the Court concludes, that subject-matter jurisdiction lies in this matter pursuant to 28 U.S.C. § 1331. *See id.* ¶ 1; *Joe Hand Promotions, Inc. v. Trotter's on the River, LLC*, No. 25-2105, 2025 WL 3718338, at *3 (D. Kan. Dec. 23, 2025). The Court further concludes that Plaintiff has adequately established that the Court may exercise personal jurisdiction over Defendants. *See* Compl. ¶¶ 4-5; *Trotter's*, 2025 WL 3718338, at *3-4.

To establish liability under 47 U.S.C. § 605, a plaintiff "must show: (1) interception of a satellite transmission; (2) lack of authorization; and (3) publication to any person." *J&J Sports Prods., Inc. v. Brady*, 672 F. App'x 798, 801 (10th Cir. 2016). "Section 605 imposes strict liability," and a court may rely on circumstantial evidence to "find[] that a communication was intercepted." *Id.* (internal quotation marks omitted).

Accepting the well-pleaded allegations in the Complaint as true, the Court finds that they establish Defendants' liability for satellite piracy through broadcast of the Programs in violation of 47 U.S.C. § 605. *See id.*; *Trotter's*, 2025 WL 3718338, at *4-5; *see also Tabb*, 2018 WL 3213622, at *2. Because Defendants have failed to respond to or defend this action in any way, the Court finds that entry of a default judgment is appropriate.

5

*D. Damages*

Pursuant to 47 U.S.C. § 605, any person who, without authorization, receives and publishes a communication, including a satellite broadcast, may be liable for statutory damages. *See* 47 U.S.C. § 605(e). Plaintiff requests statutory damages in an amount totaling $30,000.00. *See* Pl.'s Mem. at 6-13. "The amount of damages assessed pursuant to [§ 605] rests within the sound discretion of the court." *Zuffa, LLC v. Gonzalez*, No. 17-CV-01805, 2017 WL 6016403, at *3 (D. Colo. Nov. 14, 2017) (internal quotation marks omitted). "There needs to be some proportionality between the loss suffered and the amount of statutory damages," however. *Id*. (alteration and internal quotation marks omitted).

Plaintiff first requests damages in the amount of $10,000 pursuant to § 605(e)(3)(C)(i)(II). *See* Pl.'s Mem. at 6-9; *see also* Compl. at 6. Under this subsection, damages may be awarded in a sum of not less than $1000.00 and not more than $10,000.00 per violation. 47 U.S.C § 605(e)(3)(C)(i)(II); *see Trotter's*, 2025 WL 3718338, at *5. The record indicates that the required commercial sub-license fee for Defendants to broadcast both Programs would have been $2540.00. *See* Pl.'s Mot. Default J. Ex. 4 (Doc. No. 10-4); *id.* Ex. 2. The evidence presented shows there were approximately 20-25 patrons present in the Establishment for the February 11, 2023 broadcast and that Defendants showed *UFC 284: Makhachev vs. Volkanovski* on that date on approximately six televisions in the establishment. *See* Pl.'s Mem. at 4, 6; Pl.'s Mot. Default J. Ex. 5. Plaintiff has also provided evidence supporting that unauthorized exhibitions of both Programs were advertised by Defendants on Facebook. *See* Pl.'s Mem. at 10; Pl.'s Mot. Default J. Ex. 7.

Upon consideration of the facts shown by Plaintiff's Motion and evidence, the Court finds that an award of statutory damages is proper and concludes that Plaintiff should recover the requested award of $10,000.00 under § 605(e)(3)(C)(i)(II). "This amount is sufficient to compensate Plaintiff for the cost of the commercial sub-license fee and to disgorge Defendants of any financial benefits resulting from the unlawful broadcast." *J & J Sports Prods., Inc. v. Spears*, No. CIV-18-126-D, 2018 WL 4702173, at *2 (W.D. Okla. Oct. 1, 2018). Further, this award is consistent with other statutory damages awarded for similar violations. *See id.*; *J & J Sports Prods., Inc. v. Garcia*, No. CIV-14-806-D, 2015 WL 1800534, at *2 (W.D. Okla. Apr. 16, 2015).

Next, in the event the Court finds the satellite interception was willful and for direct or indirect commercial advantage or private financial gain, additional damages may be awarded in a sum of not more than $100,000.00. *See* 47 U.S.C. § 605(e)(3)(C)(ii); *Joe Hand Promotions, Inc. v. Brown*, No. CIV-21-956-G, 2023 WL 6301659, at *3 (W.D. Okla. Sept. 27, 2023). Plaintiff requests enhanced damages in the amount of $20,000.00 pursuant to § 605(e)(3)(C)(ii), as Plaintiff argues Defendants' actions were willful and committed for commercial advantage or private financial gain. *See* Pl.'s Mem. at 9-11; *see also* Compl. at 6.

"[Defendants'] default and [their] decision not to defend against these allegations are grounds for concluding that [their] actions were willful." *Christ Ctr. of Divine Phil., Inc. v. Elam*, No. CIV-16-65-D, 2017 WL 564110, at *2 (W.D. Okla. Feb. 10, 2017), *modified on other grounds*, 2017 WL 8790997 (W.D. Okla. Oct. 18, 2017); *accord Brown*, 2023 WL 6301659, at *3. And, as noted, Plaintiff has provided evidence reflecting that

Defendants advertised the Programs and took in money from paying patrons during the broadcast of the Programs.  *See* Pl.'s Mem. at 10-11; Pl.'s Mot. Default J. Ex. 5.  Because Defendants' conduct was willful and committed for direct or indirect commercial advantage or private financial gain, the Court finds that Plaintiff is entitled to enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii) in the requested amount of $20,000.00.

For the reasons explained above, the Court finds that Plaintiff is entitled to statutory damages in the total amount of $30,000.00.

### E.  Costs and Attorney's Fees

Section 605 contemplates "the recovery of full costs," including an award of reasonable attorney's fees "to an aggrieved party who prevails."   47 U.S.C. § 605(e)(3)(B)(iii).  The Court has "already determined that [Plaintiff] is an aggrieved party under the statute," "[a]nd securing a default judgment typically qualifies a plaintiff as the prevailing party for purposes of costs and fee awards."  *Trotter's*, 2025 WL 3718338, at *8.

Plaintiff's request for costs in the amount of $655.00 is well supported and is hereby granted.  *See* Pl.'s Mem. at 15; Janis Aff. ¶ 12; Pl.'s Mot. Default J. Ex. 12 (Doc. No. 10-12); *see also* Fed. R. Civ. P.  54(d)(1); Compl. at 7.  Plaintiff  is  likewise  entitled  to  a reasonable attorney's fee pursuant to § 605(e)(3)(B)(iii).  *See Trotter's*, 2025 WL 3718338, at *8; *see also* Compl. at 7; Fed. R. Civ. P. 54(d)(2); LCvR 54.2.

### CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Default Judgment (Doc. No. 10) is GRANTED pursuant to Federal Rule of Civil Procedure 55(b)(2).

Plaintiff is awarded statutory damages of $30,000.00, plus costs of $655.00.

Plaintiff is directed to submit an affidavit to the Court supporting its request for reasonable attorney's fees within fourteen (14) days of the date of this Order. A separate default judgment shall be entered upon determination of the attorney's fee award.

IT IS SO ORDERED this 30th day of July, 2026.

CHARLES B. GOODWIN
United States District Judge